IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PAMELA MILLER, RANDY HOWARD and DONNA PATTERSON, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> BASIC RESEARCH, INC., DYNAKOR PHARMACAL, LLC, WESTERN HOLDINGS, LLC, DENIS GAY, DANIEL B. MOWREY, Ph.D., MITCHELL K FRIEDLANDER, BYDEX MANAGEMENT, and DOES 1-50, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS <br><br><br> Case No. 2:07-CV-871 TS |

This matter is before the Court on Defendants' Motion to Dismiss, in which Defendants seek dismissal of Plaintiffs' claims under Federal Rules of Civil Procedure 9(b) and 12(b)(6). Defendants claim that Plaintiffs failed to plead fraud with sufficient particularity and to allege facts sufficient to support a RICO claim.

1

Plaintiffs' First Amended Complaint[1] contains the following causes of action: (1) Racketeer Influenced and Corrupt Organizations Act[2] ("RICO") violations; (2) Utah Pattern of Unlawful Activity Act ("UPUAA")[3] violations; (3) fraud; (4) various State consumer protection law violations; (5) unjust enrichment; and (6) negligent misrepresentation. Plaintiffs allege that Defendants lied in advertising materials for weight loss products, that Plaintiffs saw those false advertisements, and that Plaintiffs purchased the weight loss products and were harmed by them.

Defendants assert Plaintiffs have not pled fraud with sufficient particularity to meet the requirements of Rule 9(b) of the Federal Rules of Civil Procedure. Defendants assert that Plaintiffs' claims must be dismissed because they fail to identify the specific advertisements that were seen by Plaintiffs, and because they fail to identify how each named Defendant was connected to the allegedly false advertisements. Defendants also assert that Plaintiffs fail to identify two activities that would qualify as predicate acts under RICO or UPUAA. Finally, Defendants assert that Plaintiffs' unjust enrichment claim must fail because equitable remedies, like unjust enrichment, are not available when there is an adequate remedy at law.

Plaintiffs argue that they have provided sufficient particularity to put Defendants on notice as to what Plaintiffs' claims are. Plaintiffs argue that they have provided Defendants with descriptions of the advertisements viewed, including the specific language contained in the advertisements, the manner in which the advertisements were fraudulent, and the time period in which they saw the advertisements.

---

[1] Docket No. 50.

[2] 18 U.S.C. § 1962.

[3] Utah Code Ann. § 76-10-1601, et seq.

For the reasons described below, the Court will grant Defendants' Motion to Dismiss all claims against Defendants Western Holdings, LLC and Bydex Management. The Court will deny Defendants' Motion to Dismiss Plaintiffs' claims against Defendants Basic Research, Dynakor Pharmacal, Gay, Mowrey, and Friedlander.

## I. STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the non-moving party.[4] Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face."[5] All well-pleaded factual allegations in the Complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[6] But, the court "need not accept conclusory allegations without supporting factual averments."[7] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[8] Thus, "the complaint must give the

---

[4] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[5] *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007) (dismissing complaint where plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[6] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[7] *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[8] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

court reason to believe that this plaintiff has reasonable likelihood of mustering factual support for these claims."[9]

## II.  FACTUAL BACKGROUND

The following facts are taken from Plaintiffs' First Amended Complaint.  Plaintiff Pamela Miller is a resident of Arizona.  Plaintiff Randy Howard is a resident of Illinois.  Plaintiff Donna Patterson is a resident of Washington, DC.

Defendants Basic Research LLC ("Basic Research"), Dynakor, Western Holdings, and Bydex are Utah limited liability companies (the "Corporate Defendants").  Basic Research develops, manufactures, and markets cosmetics, nutritional supplements, and dietary supplements through a variety of trade names, including Dynakor, NutraSport, Silver Sage, Klein-Becker USA, Urban Biologies, Alpha Gen Biotech, Sovage Dermalogic and Body Innoventions, AG Waterhouse, and BAN.  This group of trade names is referred to as the "Basic Research Family of companies."[10]  Often, the same product is marketed under different names, through different affiliates of Basic Research.

Dynakor, a Basic Research affiliate, was created to market Akävar to the public. Dynakor advertises and promotes Akävar as a "'European Weight Loss Breakthrough' that is scientifically proven to allow users to 'EAT ALL YOU WANT AND STILL LOSE WEIGHT' without changing eating habits due to Akävar's ability to cause 'fast acting caloric restriction.'"[11] Akävar had never been clinically tested, but Dynakor was created to create the impression that an

---

[9] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[10] First Amm. Cmplt., ¶¶ 14-15.

[11] *Id.* ¶ 20.

independent laboratory had confirmed the advertising claims of Akävar.  Dynakor received a trademark for Akävar and began to market Akävar through the U.S. mail, in national magazines and on the internet, retail stores, and television.  This marketing was engineered by Mr. Friedlander and approved and endorsed by Mr. Gay and Mr. Mowrey, and by Basic Research and Dynakor.[12]

Western Holding is another affiliate of Basic Research.  Its sole purpose is registering creative names with the U.S. Patent and Trademark Office.  These names include the trade names of Basic Research and its affiliates, as well as catchphrases like "Eat All You Want & Still Lose Weight."[13]  Bydex is yet another affiliate of Basic Research.  It serves as an employee management company, whose employees essentially operate Basic Research and Dynakor.

Defendant Dennis Gay is a Utah resident, and is an officer and principle shareholder of Basic Research and Dynakor.  Mr. Gay has final decision-making authority over Basic Research's marketing department, which is responsible for the labeling, advertising, and media placement for dietary supplements sold by the Corporate Defendants.  Mr. Gay maintains complete control over the Corporate Defendants.  Mr. Gay uses various companies, and registers various trademarks, in order to hide from the public the fact that he and Basic Research are the source of Akävar and other products.

Defendant Daniel B. Mowrey is a Utah resident, a principal shareholder and Director of Scientific Affairs at Basic Research, a consultant to Dynakor, and the sole employee of DBM

---

[12]Plaintiffs recite a press release/interview, which Plaintiffs allege is full of misrepresentations.  However, Plaintiffs do not allege that they read or even heard about this press release, so it is irrelevant to the claims of this case and will be disregarded by the Court.

[13]Pls.' First Amm. Cmplt. at 10.

Enterprises (formerly American Phytotherapy Research Laboratory).  Mr. Mowrey works exclusively for the Corporate Defendants, and is responsible for developing the products sold by the Corporate Defendants.  Mr. Mowrey also reviews advertisements for substantiation.  Mr. Mowrey has a doctorate degree in psychology, and has been identified by Defendants as someone having "an advanced degree in psychopharmacology."[14]

Defendant Mitchell K. Friedlander is a Utah resident who maintains a business address at the same address as Basic Research.  Mr. Friedlander is a marketing consultant to Defendants, and was involved in the marketing of Akävar.  Mr. Friedlander is not an employee of the Corporate Defendants, but receives a royalty payment from the sale of "various products marketed by Basic Research."

Plaintiff Miller observed an advertisement for Akävar during the summer of 2007 while surfing the internet.  The advertisement contained a picture of the product box and stated that Akävar was a "EUROPEAN WEIGHT LOSS BREAKTHROUGH," and that the user could "EAT ALL YOU WANT AND STILL LOSE WEIGHT."[15]  The advertisement convinced Ms. Miller to purchase a supply of Akävar from the website www.Akavar.net.  After taking Akävar for 25 days, Ms. Miller had gained 10 pounds, and thereafter quit taking the product.

Plaintiff Howard saw a cardboard display for Akävar in a Wal-Mart store sometime near October 2007.  The display was five feet tall, thirty inches wide, and contained the words "Eat All You Want and Still Lose Weight,"[16] along with language that indicated users of the product

---

[14]*Id.* at 20.

[15]*Id.* at 5.

[16]*Id.* at 6.

could lose weight without changing eating habits and that the product was from Europe. The display convinced Mr. Howard to purchase two bottles of Akävar for $40 a bottle. After two weeks of taking Akävar as directed on the label, Mr. Howard had gained five or six pounds, and thereafter ceased taking Akävar.

Plaintiff Patterson saw an advertisement for Akävar in a national women's magazine in or around August 2007. The advertisement contained the image of a female model, and contained the words "EUROPEAN WEIGHT LOSS BREAKTHROUGH" and "EAT ALL YOU WANT & STILL LOSE WEIGHT,"[17] along with the claim that it had "fast-acting caloric restriction."[18] The advertisement led her to purchase Akävar for $40. After taking the product for 30 days, Ms. Patterson had lost no weight and thereafter stopped taking the product.

Plaintiffs allege that Mr. Gay, Mr. Mowrey, and Mr. Friedlander, acting by themselves and through the Corporate Defendants, produced misleading and false advertisements for Akävar, either knowingly or at the very least carelessly and negligently, which advertisements caused Plaintiffs to purchase the product. Plaintiffs allege that they were harmed, in that they did not lose weight as promised by the advertisements. Plaintiffs allege that these actions of fraud, conducted through the mail and through electronic means, constitute mail fraud and wire fraud, and suffice to show that Defendants were engaged in a pattern of racketeering activity, in violation of RICO and the UPUAA. Plaintiffs also allege that Defendants conspired to engage in racketeering activity in violation of RICO and UPUAA. Plaintiffs allege that Defendants' marketing and sale of Akävar constituted deceptive practices in violation of the Utah Consumer

---

[17]*Id.* at 7.

[18]*Id.*

7

Sales Practices Act ("UCSPA")[19] and other state consumer protection laws. Plaintiffs also allege that the fraud engaged in by Defendants makes the income received from sale of Akävar ill-gotten gains, which constitutes unjust enrichment.[20]

### III. PROCEDURAL HISTORY

Plaintiffs' original Complaint[21] was previously dismissed in response to a Motion to Dismiss from Defendants,[22] also for failure to state a claim. In the hearing in which the Court granted Defendants' Motion to Dismiss, the Court gave Plaintiffs 30 days to file an amended complaint, and instructed Plaintiffs' counsel that the amended complaint would need to "identify more closely with each named plaintiff the time, place and content of the misrepresentations," and that the Court would require "an additional tie between the named defendants and their participation in those misrepresentations."[23]

---

[19] Utah Code Ann. § 13-11-1 et seq.

[20] The Court is concerned that a significant portion of the Amended Complaint details a certain previous FTC injunction against Defendants Gay, Mowrey, Friedlander, as well as certain previous Cease and Desist and False Representation Orders from the U.S. Postal Service against Mr. Friedlander. These claims appear to be included only to convince the Court that the Defendants are generally reprehensible individuals. Whether Plaintiffs have fairly and accurately represented these past occurrences to the Court has been disputed by Defendants. Regardless of their fairness or accuracy, however, the allegations are irrelevant to a determination of the wrongfulness of Defendants' actions in this case, especially since Plaintiffs have not alleged that they have a private right of action to enforce the FTC complaint, nor have Plaintiffs alleged that Mr. Friedlander has violated the orders from the U.S. Postal Service. The Court will therefore disregard those allegations.

[21] Docket No. 2.

[22] Docket No. 17.

[23] Tr. of Mot. Hr'g. at 25 (April 24, 2008).

Plaintiffs' Amended Complaint was filed on May 23, 2008, and Defendants were granted an extension of time, to July 7, 2008, to file a response. On July 7, 2008, Defendants filed this Motion to Dismiss. A hearing on the Motion to Dismiss was held October 15, 2008, at which time parties presented oral arguments.

IV.  DISCUSSION

A.    COMPLIANCE WITH RULE 9(b)

In order to survive Defendants' Motion to Dismiss, Plaintiffs must allege fraud with particularity. Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "Simply stated, a complaint must 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'"[24] "At a minimum, Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud."[25]

Defendants claim that Plaintiffs have improperly aggregated the Defendants in violation of Rule 9(b), and point to *Wood v. World Wide Ass'n of Specialty Programs & Schools, Inc.*[26] in support of their contention that Plaintiffs must identify which Defendant made each allegedly fraudulent statement. In the case of print-advertising materials, allegedly fraudulent statements will likely not be directly attributable to any single individual. Instead, there may be multiple individuals who are responsible for the content of the advertising, and a plaintiff will be required

---

[24] *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (quoting *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991)).

[25] *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 727 (10th Cir. 2006) (quotation marks and citation omitted).

[26] 2007 WL 1295994 (D. Utah April 30, 2007).

9

to provide factual averments that support the allegation that a particular defendant was one of those responsible for the advertisements.

The Court finds that Plaintiffs have alleged sufficient facts to support the claims that Mr. Gay, Mr. Mowrey, Mr. Friedlander, Basic Research, and Dynakor were responsible for the content of the advertising. Plaintiffs allege that Basic Research is the company responsible for the development and marketing of Akävar, and that Mr. Gay and Mr. Friedlander are directly involved in all marketing decisions, which includes any decisions regarding advertisements of Akävar. Plaintiffs also allege that Mr. Mowrey verified the claims of Akävar advertisements as a principal of Dynakor.

The Court, however, finds that Plaintiffs have failed to allege sufficient facts to support its fraud claims against Western Holdings and Bydex. Even taking all of Plaintiffs' allegations as true, neither Western Holdings nor Bydex participated in any way in the marketing of Akävar. Western Holdings was responsible only for trademarking certain names and phrases, but Plaintiffs never allege that Western Holdings was responsible for how those names and phrases were used. Similarly, Bydex provided employee services for Basic Research and Dynakor, according to Plaintiffs' allegations, but Plaintiffs never allege that Bydex participated in any marketing decisions. Plaintiffs have not met the Rule 9(b) pleading requirements for fraud with regard to Western Holdings and Bydex, and all claims against them will be dismissed.[27]

For the remaining Defendants, there are sufficient facts alleged to deny Defendants' motion on the claims of impermissible aggregation. The facts alleged by Plaintiffs sufficiently

---

[27]As discussed *infra*, RICO claims based upon mail and wire fraud must also meet the requirements of Rule 9(b) for fraud claims. As Plaintiffs have failed to plead fraud, in any way, with respect to Western Holdings and Bydex, the RICO claims against Western Holdings and Bydex will also be dismissed.

tie the remaining Defendants to the Akävar marketing decisions. However, Plaintiffs must still allege facts sufficient to support the claim that each advertisement observed by the Plaintiffs originated with the Defendants.

During the October 15, 2008 hearing, Defendants argued that Plaintiffs had failed to allege with particularity that the advertisements seen by Plaintiffs originated with Defendants. Defendants point to the case of *Aspelind v. Country Wide Home Loans*[28] for the proposition that Rule 9(b) requires that Plaintiffs must, if the alleged misrepresentation was written, identify the specific document that contains the misrepresentation.[29] However, the Court is aware of no other case that imposes that requirement under Rule 9(b), and even the *Aspelind* court provides no support for its contention that its additional requirement is an established legal doctrine.[30] This Court is therefore unwilling to impose requirements beyond those traditionally required by the Tenth Circuit for a motion to dismiss under Rule 9(b).[31]

---

[28]2007 WL 2225798, *2 (E.D. Cal. July 31, 2007).

[29]*Id.*

[30]The *Aspelind* court cites as authority for its requirement to *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989). *Moore*, however, says nothing regarding a requirement under Rule 9(b) that the plaintiff be able to produce or even identify the precise written misrepresentation.

[31]During the October 15, 2008, hearing, Defendants offered two pieces of evidence which, if true, and if the Court were allowed to consider them at this stage, would certainly aid their arguments. Specifically, they argued that entities to which Defendants' products are sold engage in independent marketing activities for the products, and that Plaintiffs, during depositions, have been unable to identify any of the 30 or more advertisements identified by Defendants as their Akävar advertisements. Such evidence, however, cannot be considered by the Court on a Motion to Dismiss, without converting the motion into one of summary judgment, which the Court will not do. Therefore, Defendants' arguments are irrelevant for the purposes of the matter before the Court, and will be disregarded.

1.      Ms. Miller's claims

Ms. Miller claims that she observed an advertisement for Akävar on a website that was "upon information and belief, . . . designed, sponsored and maintained by Defendants." Ms. Miller also alleges that she observed the advertisement in the summer of 2007, and that as a result of the advertisement's claims that she could eat all she wanted and still lose weight,[32] she purchased Akävar on a different website. Ms. Miller alleges that she gained weight while taking Akävar, and then stopped taking the product. Ms. Miller has alleged that certain misrepresentations were made, the time period and format in which they were made, the general impressions and specific content of the advertisement, and that it caused her to purchase a product that failed to help her lose weight, as it claimed.

Defendants argue that Ms. Miller's claims must be dismissed because they fail to describe the specific time that she viewed the advertisement and because she fails to identify an appropriate link between the Defendants and the advertisement. Defendants' first argument fails because neither the Tenth Circuit, nor this Court, have required that a plaintiff state the specific time at which the fraudulent claim was made. The Tenth Circuit has stated that the purpose behind Rule 9(b) is "to afford defendant fair notice of plaintiff's claims and the factual ground upon which they are based."[33]

---

[32]Plaintiffs refer numerous times to the fact that the advertising claimed that Akävar was a "European Breakthrough," *Id.*, but the First Amended Complaint never alleges that any of the Plaintiffs purchased the product because they believed it was made in Europe. Therefore, any claims that the advertisements were false because the product was actually created in Utah are irrelevant and will be disregarded by the Court.

[33]*Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (citing *Farlow v. Peat, Marwick, Mitchell & Co.*, 965 F.2d 982, 987 (10th Cir. 1992)).

The Court finds that Ms. Miller's claims are sufficiently specific with regard to the timing of the allegedly fraudulent claims because they narrow the potential time span to a few months during which time Defendants were allegedly marketing their product.  The Court also finds that Ms. Miller's allegations are sufficiently specific with regard to the content of the fraudulent claims.

Defendants argue that Ms. Miller fails to provide an adequate "tie" between the advertisement and the Defendants, as required by the Court,[34] because Plaintiffs can not rely upon allegations based solely upon information and belief.  The Tenth Circuit has made clear that although allegations may be made upon information and belief when, as here, the relevant facts are "peculiarly within the opposing party's knowledge, Rule 9(b) continues to require the complaint to set forth the factual basis for the plaintiff's belief."[35]  The Court finds that, for the purposes of a motion to dismiss, Ms. Miller's allegations establish the factual basis for the belief that the website Ms. Miller viewed was maintained by the Defendants.  Specifically, Ms. Miller's allegations include language from the advertisement that is identical to language used in the Akävar advertising campaign and the time frame of the allegations coincides with the time frame of the Akävar advertising campaign.  Ms. Miller's allegations provide Defendants with sufficient notice of her claims and the Court will deny Defendants' motion to dismiss Ms. Miller's fraud claims.

---

[34]Tr. of Mot. Hr'g. at 25 (April 24, 2008).

[35]*U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 728 (10th Cir. 2006). *See also Koch*, 203 F.3d at 1237; *Scheidt v. Klein*, 956 F.2d 963, 967 (10th Cir. 1992).

### 2. Mr. Howard's claims

Mr. Howard claims that he saw an advertising display for Akävar while walking through a Wal-Mart store in October 2007. He describes the dimensions of the display, as well as the general content and specific language contained on the advertisement. He alleges that Defendants chose to advertise in Wal-Mart, and that as a result of the display's claims that he could eat all he wanted and still lose weight, he purchased Akävar at Wal-Mart. Mr. Howard has alleged that he gained weight while taking Akävar and then stopped taking it. Mr. Howard has alleged that certain misrepresentations were made, the time and format in which they were made, the general impressions and specific content of the advertisement, and that it caused him to purchase a product that failed to help him lose weight, as it claimed.

Defendants argue that Mr. Howard's claims must be dismissed because he did not allege the specific day that the display was seen. That argument must also fail. Mr. Howard has alleged a sufficiently narrow time period, and has provided Defendants with sufficient detail regarding the content of the advertising that Defendants have adequate notice of Mr. Howard's claims and the factual basis for them. Mr. Howard has also provided an appropriate link between Defendants and the display. While Mr. Howard's allegations are based upon information and belief, Mr. Howard also provides the location and time of the display, the Morton, Illinois Wal-Mart store in or around October 2007. Defendants have not denied selling Akävar in Wal-Mart stores, and both the timing and content of the advertisement coincide with the Akävar advertising campaign. Mr. Howard has therefore provided Defendants with sufficient notice of his claims and their factual basis. Therefore, Defendants' Motion to Dismiss Mr. Howard's fraud claims will be denied.

### 3.    Ms. Patterson's claims

Ms. Patterson claims that she saw an advertisement for Akävar in a national women's magazine in or around August 2007.  She describes the general content of the advertisement, as well as specific language used in the advertisement.  She alleges that Defendants chose to advertise in the women's magazine, and that because of the advertisement's claim that she could eat all she wanted and still lose weight, she purchased Akävar at a local health food store.  Ms. Patterson has alleged that she lost no weight while taking Akävar, and stopped taking it after 30 days.

Defendants' argument that Ms. Patterson's claims must be dismissed must also fail, for Ms. Patterson has alleged a sufficiently narrow time period and has provided Defendants with sufficient detail regarding the content of the advertisement that Defendants have adequate notice of Ms. Patterson's claims and the factual basis for them.  Defendants once again argue that Ms. Patterson has not provided a sufficient link between Defendants and the advertisement, but this argument must fail for the same reason that it failed with regard to the claims of Ms. Miller and Mr. Howard, for Ms. Patterson has alleged a time frame and language that corresponds to the Akävar advertising campaign.  Plaintiffs' First Amended Complaint therefore gives Defendants adequate notice of Ms. Patterson's claims and the factual basis for those claims, so the Court will deny Defendants' Motion to Dismiss Ms. Patterson's fraud claims.

B.    RICO AND UPUAA CLAIMS

In order to survive the motion to dismiss on their RICO claims, Plaintiffs must allege that Defendants (1) engaged in conduct (2) of an enterprise (3) through a pattern of (4) racketeering

15

activity.[36] Likewise, in order to survive the motion to dismiss on their UPUAA claims, Plaintiffs must allege that Defendants (1) acquired or maintained (2) an interest in or control of (3) any enterprise (4) through a pattern (5) of unlawful activity.[37] The Court finds that Plaintiffs have alleged sufficient facts to support the existence of an enterprise and conduct by that enterprise.

However, Defendants argue that Plaintiffs have not alleged a pattern, which requires, under RICO, the allegation of at least two actions which constitute racketeering activity,[38] and which requires, under UPUAA, allegation of the commission of at least three episodes of unlawful activity, "which episodes are not isolated, but have the same or similar purposes, results, participants, victims, or methods of commission."[39]

Plaintiffs' RICO and UPUAA claims are based upon allegations of mail fraud and wire fraud, both predicate offenses under RICO and UPUAA. To establish the predicate act of mail (or wire) fraud, Plaintiffs must allege "the existence of a scheme or artifice to defraud or obtain money or property by false pretenses, representations, or promises, and use of the United States mails [or interstate wire, radio or television] for the purpose of executing the scheme."[40] Essential to any such claim is the allegation of sufficient facts to support a claim of fraud.[41]

---

[36] 18 U.S.C. § 1962(c).

[37] Utah Code Ann. § 76-10-1603(2).

[38] *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 498 n.14 (1985).

[39] Utah Code Ann. § 76-10-1602(2).

[40] *Tal v. Hogan*, 453 F.3d 1244, 1263 (10th Cir. 2006).

[41] *Id.*

As described above, Plaintiffs have met their burden under Rule 9(b) to plead fraud with particularity.  Defendants argue that general allegations that Defendants used the U.S. Mail or interstate wire facilities are insufficient to support a fraud claim under Rule 9(b).  During the October 15, 2008, hearing, Defendants cited to *Farlow v. Peat, Marwick, Mitchell & Co.*[42] in support of that proposition.  However, *Farlow* is distinguishable from the present case because, in *Farlow*, the allegations were that false and misleading information had been mailed "on many occasions during the period January 1979 to 1985."[43]  Unlike the 6 year period in *Farlow*, Plaintiffs' allegations span a mere matter of months.  Plaintiffs have also identified a specific advertising campaign for one of Defendants' products, and the alleged misrepresentations are directly connected to that advertising campaign.  Thus, Plaintiffs' allegations are not general allegations of wrongdoing, as argued by Defendants, but specific allegations that Defendants engaged in mail fraud and wire fraud during the few months in which they were engaged in the advertising campaign.[44]

The Court finds that Plaintiffs have alleged with sufficient particularity the predicate acts needed to establish a pattern under RICO and UPUAA, and will deny Defendants' Motion to Dismiss Plaintiffs' RICO and UPUAA claims.

---

[42] 956 F.2d 982.

[43] *Id.* at 990.

[44] Defendants' argument that Plaintiffs viewed advertisements produced by other individuals will not be considered at this point, for it is more appropriate for a motion for summary judgment.

C.     UNJUST ENRICHMENT

In order to survive a motion to dismiss on their unjust enrichment claim, Plaintiffs must have alleged facts sufficient to support that: (1) there was a benefit conferred on Defendants by Plaintiffs; (2) Defendants appreciate or have knowledge of the benefit; and (3) Defendants have accepted or retained the benefit under such circumstances as to make it inequitable for Defendants to retain the benefit without payment of its value.[45]

Plaintiffs have clearly met their burden of allegation. Defendants, however, argue that unjust enrichment is an equitable remedy, and that the claim must be dismissed because Plaintiffs have an adequate remedy at law. The Utah Supreme Court has stated that "the law will not imply an equitable remedy when there is an adequate remedy at law."[46] Plaintiffs claim that they are entitled to plead an alternative theory, but this mistakes what Utah law says about a plaintiff pursuing an equitable remedy when a legal remedy is available. In *Commercial Fixtures & Furnishings, Inc. v. Adams*,[47] the Utah Supreme Court refused to allow a plaintiff to proceed with an equitable case because the plaintiff had not yet exhausted the legal remedies available to them. Other Utah Courts have similarly held that a plaintiff cannot pursue an equitable claim unless it has either pursued legal claims to their conclusion or shown that doing so would be fruitless.[48] However, the trial court in *Commercial Fixtures & Furnishing* disposed of the case at the summary judgment stage, rather than on a motion to dismiss. Plaintiffs are currently pursuing

---

[45] *Desert Miriah, Inc. v. B & L Auto, Inc.*, 12 P.3d 580, 582 (Utah 2000).

[46] *UTCO Associates, Ltd. v. Zimmerman*, 27 P.3d 177, 180 (Utah 2001).

[47] 564 P.2d 773 (Utah 1977).

[48] *See, e.g.*, *UTCO Associates, Ltd. v. Zimmerman*, 27 P.3d 177, 182 (Utah Ct. App. 2001); *Knight v. Post*, 748 P.2d 1097, 1099 (Utah Ct. App. 1988).

legal claims against Defendants, but the question of whether pursuing those legal claims will be fruitless is not yet determined. Defendants' motion to dismiss Plaintiffs' unjust enrichment claims will therefore be denied.

## V.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 60) is hereby GRANTED with respect to Defendants Western Holdings, LLC and Bydex Management. It is further

ORDERED that all claims against Western Holdings, LLC and Bydex Management are dismissed with prejudice. It is further

ORDERED that Defendants' Motion to Dismiss is hereby DENIED with respect to Defendants Basic Research, Inc., Dynakor Pharmacal, LLC, Dennis Gay, Daniel B. Mowrey, Ph.D., and Mitchell K. Friedlander.

DATED   October 27, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge