IN THE UNITED STATES DISTRICT COURT FILED
FOR THE DISTRICT OF UTAH, U.S. DISTRICT COURT
CENTRAL DIVISION

2015 JUL 15 A 10: 23

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

| | |
|---|---|
| PAMELA MILLER, RANDY HOWARD, DONNA PATTERSON and MARY TOMPKINS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>V.<br><br>BASIC RESEARCH LLC, DYNAKOR PHARMACAL, LLC, WESTERN HOLDINGS, LLC, BY DEX MANAGEMENT, LLC, DENNIS GAY, DANIEL MOWREY, Ph.D., MITCHELL K. FRIEDLANDER, and DOES 1 through 50,<br><br>Defendants. | CASE NO. 2:07-CV-00871-TS |

**FORMAL NOTICE OF OBJECTIONS TO PROPOSED SETTLEMENT; OBJECTIONS TO ATTORNEYS' FEES AND COSTS; NOTICE OF INTENTION TO APPEAR; REQUEST TO SPEAK AT THE HEARING, AND REQUEST TO APPEAR BY PHONE TO SPEAK AT THE HEARING**

To The Honorable Judge:

Comes Now Jeffrey Lee Weinstein, ("Objector"), and file these Formal Notice of Objections to Proposed Settlement, Objections to Attorneys' Fees and Costs; Notice of Intention to Appear; Request to Speak at the Hearing, and Request to Appear by Phone to Speak at the Hearing and would show as follows:

1. **Class Member Status**

Jeffrey Lee Weinstein is a member of the settlement class. He makes the following declaration as proof of membership in the class:

> Under penalty of perjury of the laws of the United States, I declare that my name is Jeffrey Lee Weinstein; my address is 518 East Tyler Street, Athens, Texas, 75751. I am submitting this Objection Pro Se. I purchased Akavar for personal consumption and not for resale after seeing or hearing the marketing slogan 'Eat all you want and still lose weight.' After hearing and reading the statement 'Eat all you want and still lose weight,' I purchased Akavar on June 24, 2015. I have attached to my objection as **Exhibit 1** a true and correct copy of the computer screen shots showing proof of my purchase. I went to the web site www.dynakorsettlement.com on July 6, 2015, to confirm the information

1

contained within the documents online that I reviewed prior to filing this Objection. I then called the toll free number on July 7, 2015 and listened to the recorded message. The recorded message provided a class member inclusion that was the same language as the language contained within the short form notice. The recorded message also said that the Proof of Claim form was available on the web site. That is not an accurate statement. The Proof of Claim Form is not available on the website. See **Exhibit 2** which is a true and correct copy of the documents available to review on the Dynakor settlement website as of July 6, 2015. The Proof of Claim Form is the sheet that says 404-File or directory not found. As of the time of the filing of this declaration I do not recall any objections I have filed as a class member during the previous five (5) years.

Objector's signature: *[signature]*
Jeffrey Lee Weinstein

## 2. Notice of Appearance and Request to Speak at the Hearing

Objector enters this appearance. Objector requests that he be allowed to appear in person pro se at the final approval hearing to talk about these objections and to otherwise participate in the final approval hearing. Objector additionally requests that he be allowed to participate by phone so he does not have to incur the expense of travel from Texas to Utah for the Final Approval Hearing.

## 3. The Hearing Should Not Go Forward on July 28, 2015

By way of housekeeping, Objector advises the Court that the hearing should not go forward as scheduled on July 28, 2015. In the Settlement Agreement and General Release, Doc 315-2, at p.15 of 26, paragraph 14 states:

The Fairness Hearing shall be held no earlier than twenty-one (21) days after the deadline for all Class members to object under Paragraph 13 of this Agreement.

The short form Notice states that objections must be received by July 14, 2015. The long form notice requires that objections must be postmarked no later than July 14, 2015.

The [Proposed] Order Granting the Parties' Joint Motion for Preliminary Approval of Class Action Settlement, Doc. 317, at p. 2 of 7, paragraph 4 sets the hearing for July 28, 2015 at 2:00 pm.

By agreement of the parties and earlier consideration of the Court, the earliest this matter should be heard is August 5, 2015.

## 4. Objection to Certification

Objectors object to certification of the settlement class for the following reasons.

2

## 4.1 Improper class definition

The definition of the class is not adequate and does not comply with due process or Rule 23. Rule 23 and due process require that the class definition be precise, objective and presently ascertainable.

The Proposed Order Granting the Parties' Joint Motion for Preliminary Approval of Class Action Settlement does not contain a definition of class membership. Doc. 317.

The long form notice does not provide a definition of the class, rather it states:

You may be eligible to receive benefits under the Settlement proceeds if you purchased the Akavar 20/50 dietary supplement after hearing the phrase 'eat all you want and still lose weight and you have not previously received a refund for the product or previously excluded yourself from this lawsuit.

It may be a scrivener's error but the statement above is not the definition of the class as contained within the Settlement Agreement and Release, Doc. 315-2 at page 6 of 26:

Class is defined as:

All persons in the United States who, from November 1, 2003 through the date of the Final Approval Order, purchased Akavar for personal consumption and not for resale after seeing or hearing the marketing slogan 'Eat all you want and still lose weight.'

In addition, the statement in the long form notice has no end to the quotation of "Eat what you want and still lose weight... so arguably the entire remainder of the notice is contained within the definition. The long form notice fails to state anything related to dates of purchase or whether the potential class member saw the statement "Eat all you want and still lose weight." That's certainly not precise, objective and presently ascertainable.

The short form notice does not provide a definition of the class that matches any other definition, rather it states:

Who's Included? If you purchased Akavar 20/50 in the United States for personal use, not for re-sale and have not previously received a refund for that product, and you did not previously exclude yourself from the settlement, you may be a member of the class....you can get more information, including a detailed notice, at www.dynakorsettlement.com...

Neither the long form notice nor the short form notice comply with the Settlement Agreement and Release document. Each time the definition of class membership, if that is what we should call it, is utilized in the documents provided to the public, a different definition is utilized.

The different characterizations of who may be in the class does not reach the level of due process required of our rules and the law that requires the class definition be precise, objective and presently ascertainable.

## 4.2 Misleading notice to the class

The Settlement Agreement provides that class members may file claims as long as they are postmarked "no later than sixty (60) days after the Fairness Hearing defined in Paragraph 14 below...." Settlement Agreement p. 12 of 26, Paragraph 11 (a). The Fairness Hearing is defined in Paragraph 14: "The Fairness Hearing shall be held no earlier than twenty-one (21) days after the deadline for all Class members to object under Paragraph 13 of this Agreement." Id p. 15 of 26, Paragraph 14. Paragraph 13 of the Settlement Agreement is silent as to the date for Class members to object. Id p. 14/15 of 26.

The [Proposed] Order Granting the Parties; Joint Motion For Preliminary Approval of Class Action Settlement sets the final approval hearing on July 28, 2015 at 2:00 pm. Doc. 317 at p.2.

It is unclear how the parties arrived at that arbitrary date of May 23, 2015, but the claim period could easily extend beyond that date, depending on the length of time the court takes to enter a judgment and the existence of any appeals. The notice misleads class members into believing that they cannot file a claim after May 23, 2015. The web site no longer has a Proof of Claim form available thereby further misleading class members that they can no longer file a claim even though by Court Order they may.

## 4.3 No Print Notice

The notice utilized to inform class members of the settlement did not include written print notice. While the claims administrator provides wonderful details concerning internet impressions, print media in nationally publicized magazines and newspapers has historically generated more awareness and participation in claims made settlements. Since this settlement required claims made from the general public instead of a known email or mailing list, a notice in a national print magazine or newspaper would have generated significantly more claims, probably a multiplier of at least two (2) to three (3) times the claims that have actually been made.

## 5. Objections to the Settlement

The settlement is not fair, reasonable, or adequate, and Objectors object to the proposed settlement, for the following reasons.

### A. Due process prohibits the court from approving a non-opt out class that releases monetary damages claims

Where a class settlement would extinguish individual or class wide claims for monetary relief, a right to opt out is constitutionally required. As the U.S. Supreme Court has explained: in order for a judgment to "bind an absent plaintiff concerning a claim for money damages or similar relief at law, it must provide minimal procedural due process protection. ... [D]ue process requires at a minimum that an absent plaintiff be provided with an opportunity to remove himself from the class ...." *Shutts*, 472 U.S. 797 at 811-12 (1985)(footnote and quotation omitted).

In *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011), the Supreme Court criticized a rule whereby "individual class members' compensatory-damages claims would be *precluded* by litigation they had no power to hold themselves apart from." 131 S. Ct. at 2559. And the Supreme Court further explained that the possibility that such claims would be precluded "underscores the need for plaintiffs with individual monetary claims to decide *for themselves* whether to tie their fates to the class representatives' or go it alone—a choice Rule 23(b)(2) does not ensure that they have." *Id.*

The rights of absent class members to bring claims for monetary relief may not be extinguished without the right to opt out. Due Process requires Opt-Out Rights that are clearly noted on the Settlement Agreement, Order of Proposed Settlement and both the long form and short form notices. Absent class members are to be afforded notice, an opportunity to be heard and a right to opt-out of the class. AT&T Mobility LLC vs. Conception. 563 U.S. 321 (2011). Weinstein respectfully submits that certification here would violate the due process rights of the class members.

I realize class counsel will argue that there is an Opt-Out Form online at www.dynakorsettlement.com. However, neither the Settlement Agreement nor the Order Granting the Parties' Joint Motion for Preliminary Approval of the Class Action Settlement contains any mention of the right to opt-out. Both are completely silent on this issue while clearly indicating that this is a monetary damages class. Similarly, neither the long form notice nor the short form notice contains any mention of the right to opt-out.

Clearly the right to decide whether to sue or whether a Defendant should be punished for any wrongdoing belongs to the class members. This litigation was settled based upon the conclusion that the litigation was meritless, the claims made by class counsel and the class representatives were not false or misleading. In fact, the Defendant is allowed to continue to make the very claims that form the basis of the litigation. Many have referred to this type of settlement as legalized blackmail or the exploitation of class members. The unfortunate reality is that the very class members that would be offended by this case and the use of their property rights to pursue baseless claims more than likely did not receive any notice that their rights were to be extinguished in this case.

Class Actions 101 requires that the Court deny approval of this Class Action Settlement solely based upon this attempt by class counsel to deny constitutional rights to the members of the Class.

### B. The silence of other class members does not mean they support the settlement

Class Counsel may claim that the lack of other objections signifies that other class members support the settlement. That argument defies common sense: other class members most likely were not aware of the settlement, considered it a *fait accompli*, or did not believe it was worth their time. Indeed, Class Counsel should inform the court of how many class members actually wrote in supporting the settlement. Perhaps the best evidence would be a report by class counsel that advises the Court how many Proof of Claim Forms have been submitted and what the value is of the Claim Forms submitted thus far.

Based upon the conflicts in the notice forms and the various settlement documents, an educated guess is that there are very few claims, probably less than $50,000.00 in the aggregate.

As many courts have recognized, the silence of other class members does not mean they support the settlement, particularly with the costs involved in objecting. *See In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 217-18 (5th Cir. 1981) ("But further explanation was required, for a low level of vociferous objection is not necessarily synonymous with jubilant support. *see also* Christopher R. Leslie, *The Significance of Silence: Collective Action Problems and Class Action Settlement*, 59 FLA. L. REV. 71, 73 (2007) ("Silence may be a function of ignorance about the settlement terms or may reflect an insufficient amount of time to object. But most likely, silence is a rational response to any proposed settlement even if that settlement is inadequate. For individual class members, objecting does not appear to be cost-beneficial. Objecting entails costs, and the stakes for individual class members are often low.").

### C. Improper class definition

As set out above, the class definition is vague and ambiguous. Objector raises this issue both because certification is inappropriate and because the failure to properly define the class will affect the recovery to individual class members.

### D. Objections to Attorneys' Fees and Cost Reimbursement

Objector objects to the anticipated request for attorneys' fees by class counsel. The Settlement Agreement provides that Class Counsel will request up to $2,455,000.00 in fees and $950,000.00 in costs. Settlement Agreement p. 6 (p7 of 26, Doc 315-2). The Order Granting the Parties' Joint Motion for Preliminary Approval sets out the Settlement Agreement Approval and Final Approval Schedule. Doc. 317 p.2-4.

The Parties' Joint Motion for Final Approval of Class Settlement was filed July 7, 2015. Doc. 318. The only supporting declaration for the request of fees and costs by class counsel is the declaration of Scott Shepherd. Doc. 318-1. Attorney Shepherd provides summaries of attorneys' hours and states he has reviewed the expenses but there is no breakdown of attorney, paralegal, secretarial or clerical time. In addition, there is not an itemized expense record for review.

The declaration of Mark Schey is attached as an Exhibit to the Parties' Joint Motion for Final Approval of Class Settlement. Doc. 318-3. Noticeably absent from Mr. Schey's declaration is any evidence or information concerning the number of claims made in the settlement. Mr. Schey certainly has that information for the Court to consider. It's not a stretch to suggest that the reason this information is omitted from Mr. Schey's declaration is because there are very, very few claims to report.

When the Court reviews the claims made vs. the request made by class counsel, the Court could very well conclude that the Attorneys' Fees be calculated based upon the aggregate amount of claims made instead of a proposed load star or hourly rate.

## Prayer

Regarding the proposed class settlement, the Court is limited to a single decision: approve or disapprove the settlement. *Evans v. Jeff D.*, 475 U.S. 717, 726-727 (1986). The Court may not amend the settlement. *Id.* Thus, Objector prays that the Court disapprove the settlement and deny the motion to certify. If the Court nevertheless approves the settlement, Objector prays that the Court deny the requested fees and expenses to Class Counsel. Objector further prays that the Court grant Objector such other and further relief as to which Objector may be entitled.

*[signature]*
Jeffrey Lee Weinstein
Pro Se Objector
518 East Tyler Street
Athens, Texas 75751
903-677-5333
903-677-3657 fax
jeff@jeffweinstein.com

## Certificate of Service

I hereby certify that a copy of the above and foregoing document has been served upon all counsel of record by United States mail and to the Clerk of the Court, United States District Court for the District of Utah, United States Courthouse, 351 South West Temple, Salt Lake City, Utah 84101 via overnight United States mail on July 14, 2015, plus the following:

Scott R. Shepherd, Esq.
Shepherd, Finkelman, Miller & Shah, LLP
35 E. State Street
Media, PA 19063

Kevin R. Roddy, Esq.
Wilentz, Goldman & Spitzer, P.A.
90 Woodbridge Center Drive, Suite 900
Woodbridge, NJ 07095

Christopher Sullivan, Esq.
Ronald F. Price, Esq.
Jason M. Kerr, Esq.
Price Parkinson & Kerr, PLLC
5742 West Harold Gattey Drive
Salt Lake City, Utah 84116

                                          Jeffrey Lee Weinstein
                                          Pro Se Objector