IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **PAMELA MILLER, RANDY HOWARD, DONNA PATTERSON and MARY TOMPKINS**, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**BASIC RESEARCH, LLC, et al.,**<br><br>Defendants. | FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE<br><br>Case No. 2:07-CV-00871<br><br>Judge Ted Stewart<br><br>Magistrate Judge Dustin B. Pead |

WHEREAS, Plaintiffs Pamela Miller, Randy Howard, Donna Patterson, and Mary Tompkins, and Defendants, Basic Research, LLC, Dynakor Pharmacal, LLC, Western Holdings, LLC and Bydex Management, LLC, (collectively "the Parties") herein apply to the Court for an Order granting final approval of the proposed settlement ("Settlement") of the above-captioned class action (the "Litigation") in accordance with the Joint Stipulation of Settlement and exhibits thereto ("Settlement Agreement"), which sets forth the terms and conditions of the Settlement; and

WHEREAS, on February 23, 2015, the Court entered an Order (the "Preliminary Approval Order") preliminarily approving the Settlement, directing notice to be provided to and published to Class Members, and scheduling a hearing

(the "Fairness Hearing") to consider whether to grant final approval of the Settlement and Class Counsel's motion for an award of attorneys' fees and expenses; and

WHEREAS, the Court held the Fairness Hearing on July 28, 2015, to determine, among other things, (i) whether the terms and conditions of the proposed settlement are fair, reasonable, and adequate and should, therefore, be approved; (ii) whether notice to the Class was implemented pursuant to the Preliminary Approval Order and constituted due and adequate notice to the Class in accordance with the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law; (iii) whether to enter final judgment dismissing the Litigation on the merits and with prejudice, and releasing all the Released Parties, including Defendants, as provided in the Settlement Agreement;  (iv) whether and in what amount to award attorneys' fees and expenses to Class Counsel; and (v) whether and in what amount to approve the application for service awards to the representative Plaintiffs as provided for under the Settlement Agreement; and

WHEREAS the Court received submissions and heard argument at the Fairness Hearing from Class Counsel;

NOW, THEREFORE, based on the written submissions received before the Fairness Hearing, the arguments at the Fairness Hearing, and the other materials of

record in this Litigation, it is hereby ORDERED, ADJUDICATED, AND DECREED that:

1.    This Order incorporates by reference and makes a part hereof the Settlement Agreement dated as of February 18, 2015, including the definitions in the Settlement Agreement.  Terms not defined in this Order shall have the definitions given to them in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein.  The terms of the Settlement Agreement are fully incorporated in this Order and the Final Judgment ("the Judgment") as if set forth fully here.

2.    This Court has jurisdiction over the subject matter of this Litigation and all Parties to the Litigation, including all Class Members, and has jurisdiction to enter this Order and the Judgment.

3.    Dennis Gay, Daniel B. Mowrey, Ph.D., and Mitchell K. Freidlander, originally named as Defendants, be and same are hereby dismissed with prejudice from the Action, and, based upon agreement of the Parties is it decreed that they are not named Defendants in this Final Judgment.

4.    This Court approves the settlement as set forth in the Settlement Agreement and finds that the settlement is in all respects fair, reasonable, adequate, and just to the Class Members.  This Court finds that the proposed Settlement

resulted from serious, informed, non-collusive negotiations conducted at arm's length by the Parties and their counsel and was entered into in good faith.  The terms of the Settlement Agreement do not have any material deficiencies and do not improperly grant preferential treatment to any individual Class Member.  Accordingly, the proposed settlement as set forth in the Settlement Agreement is hereby fully and finally approved as fair, reasonable, and adequate, consistent and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and the Rules of this Court, and in the best interests of each of the Class Members.

5.     Pursuant to Federal Rule of Civil Procedure 23, this Court certifies the following Class ("Class") for purposes of this Settlement:  All persons in the United States who, from November 1, 2003, through the date of this Order, purchased Akavar for personal consumption and not for resale after seeing or hearing the marketing slogan "Eat all you want and still lose weight."

6.     Pursuant to Federal Rule of Civil Procedure 23(c)(3), all Class Members, except those Persons who timely and validly excluded themselves from the Class, are bound by this Order.

7.     The list of Persons excluded from the Class because they filed valid requests for exclusion is attached hereto as Exhibit A.  The Persons listed in

Exhibit A are not bound by this Order, the Judgment, or the terms of the Settlement Agreement.

8. This Court directed that Class Notice be given to Class Members pursuant to the notice program proposed by the Parties and approved by the Court. In accordance with this Court's Preliminary Approval Order and the Court-approved notice program, the Settlement Administrator caused the Class Notice to be disseminated as ordered. The Class Notice advised Class Members of the terms of the Settlement; of the Final Approval Hearing; of their right to appear at such hearing, to remain in, or opt out of, the Class and to object to the Settlement, and of procedures for exercising such rights; and of the binding effect of this Order and the Judgment, whether favorable or unfavorable, to the Class.

9. The distribution of the Class Notice constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, 28 U.S.C. § 1715, and any other applicable law.

10. Pursuant to Federal Rule of Civil Procedure 23(e)(2), this Court finds, after a hearing and based upon all submissions of the Parties and other interested persons, that the Settlement proposed by the Parties is fair, reasonable, and adequate. The terms and provisions of the Settlement Agreement are the product of lengthy, arms'-length negotiations conducted in good faith. Approval of the

settlement will result in substantial savings of time, money and effort to this Court and the Parties, and will further the interests of justice. In making these findings for settlement purposes, this Court has considered, among other things, (i) the Class Members' interest in individually controlling the prosecution of separate actions, (ii) the impracticability or inefficiency of prosecuting separate actions, (iii) the extent and nature of any litigation concerning these claims already commenced, and (iv) the desirability of concentrating the litigation of the claims in a particular forum.

11. All Class Members who have not timely and validly filed opt-outs are thus Class Members who are bound by this Order, the Judgment and the Settlement Agreement, even if they have pending, or later initiate, any litigation, arbitration, or other proceeding against the Released Parties relating to the Released Claims.

12. The Settlement Agreement, this Order and the Judgment are not admissions of liability or fault by Defendants or the Released Parties, or a finding of the validity of any claims in the Litigation or of any wrongdoing or violation of law by Defendants or the Released Parties. Neither the Settlement Agreement, this Order nor the Judgment, nor any of their terms or provisions, nor any of the negotiations or proceedings connected with such documents, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability of, or admission by,

Defendants, the Released Parties, or any of them.  Notwithstanding the foregoing, nothing in this Order or accompanying Judgment shall be interpreted to prohibit the use of the Judgment in a proceeding to consummate or enforce the Settlement Agreement or Judgment, or to defend against the assertion of Released Claims in any other proceeding, or as otherwise required by law.

      13.    This Court has considered the submissions by the Parties and all other relevant factors, including the result achieved and the efforts of Class Counsel in prosecuting the claims on behalf of the Class.  Plaintiffs initiated the Litigation, acted to protect the Class, and assisted their counsel.  The efforts of Class Counsel have produced the Settlement Agreement, which was entered into in good faith, and which provides a fair, reasonable, adequate, and certain result for the Class.  Class Counsel has made application for an award of attorneys' fees and expenses in connection with the prosecution of the Litigation.  This Court finds the fees requested by Class Counsel, totaling $2,455,000.00, and the expenses requested by Class Counsel, totaling $950,000.00, to be fair, reasonable, and justified attorneys' fees and expense awards under the circumstances.  This Court hereby awards $2,455,000.00 as attorneys' fees and $950,000 as expenses to be paid by Defendants.  Class Counsel shall be responsible for distributing and allocating the attorneys' fees and expense awards among themselves and other Plaintiffs' Counsel in their sole discretion.

14. Representative Plaintiffs Pamela Miller, Randy Howard, Donna Patterson, and Mary Tompkins, who have agreed to the terms of the Settlement Agreement, and whose claims will be finally and fully resolved by this Order and accompanying Judgment, are each entitled to service awards in the amount of $5,000.00, to be paid by Defendants.

15. The Court has considered the July 15, 2015 Objection filed by Jeffrey Weinstein, and finds the Objection to be completely without merit in all respects.

16. **Releases.**  The releases as set forth in Sections 6 and 7 of the Settlement Agreement, together with the respective definitions of Released Claims, Released Parties and Releasing Parties, are expressly incorporated herein in all respects.  As of the Effective Date, and without limiting or modifying the full language of the release provisions in the Settlement Agreement:

    a. This Court hereby releases and dismisses with prejudice the Litigation and the Releasing Parties' Claims against each and all of the Released Parties, without costs to any party, except as provided in the Settlement Agreement.

    b. All actions, claims, demands, rights, suits, and causes of action of whatever kind or nature that have been or could have been asserted against the Released Parties by the Releasing Parties in the Litigation or in any other proceeding, including damages, costs, expenses, penalties, and attorneys' fees,

known or unknown, suspected or unsuspected, in law or equity, arising out of or relating to the advertising, marketing, packaging, promotion, sale and/or distribution of Akavar including, but not limited to, claims alleging any type of fraud, misrepresentation, breach of warranty, unjust enrichment, or unfair trade practices under any state or federal law, but not including claims for personal injury, are hereby released.

    c. Nothing in this Order or in the Judgment shall release the Claims of any persons or entities who have submitted timely, valid requests for exclusion.

    d. The Releasing Parties, including Plaintiffs and all Class Members, shall, as of the Effective Date, conclusively be deemed to have acknowledged that the Released Claims may include claims, rights, demands, causes of action, liabilities, or suits that are not known or suspected to exist as of the Effective Date.  The Plaintiffs and all Class Members nonetheless release all such Released Claims against the Released Parties.

    e. As of the Effective Date, the Plaintiffs and all Class Members shall be deemed to have waived any and all protections, rights and benefits of California Civil Code § 1542 and any comparable statutory or common law provision of any other jurisdiction.

17.     **Permanent Injunction.**  The Court permanently bars and enjoins (i) all Releasing Parties – and anyone else purporting to act on behalf of, for the benefit of, or derivatively for any of them – from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding (as well as a motion or complaint in intervention in the Litigation if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, that is based upon, arises out of, or relates to any Released Claim as to any Released Party, including any claim that is based upon, arises out of, or relates to the Litigation or the transactions and occurrences referred to in the Amended Complaint, and (ii) all persons and entities from filing, commencing, or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action) or other proceeding on behalf of any Class Member as to the Released Parties, if such other lawsuit is based upon, arises out of, or relates to any Released Claims, including any Claim that is based upon, arises out of, or relates to the Litigation or the transactions and occurrences referred to in the Amended Complaint.

18. **<u>Complete Bar Order</u>**.

    a.    This Court permanently bars and enjoins all Class Members, and anyone purporting to represent or to pursue claims on behalf of any Class Member, from commencing, prosecuting, intervening in, or participating in any claims or causes of action relating to the advertising, marketing, packaging, promotion, sale, and distribution of Akavar.

    b.    This Court further permanently bars and enjoins any and all persons and entities from commencing, prosecuting, or asserting any claim against any Released Parties arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including claims for breach of contract or for misrepresentation, where the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Class or any Class Member in connection with the advertising, marketing, packaging, promotion, sale, and distribution of Akavar. All such claims are hereby extinguished, discharged, satisfied, and unenforceable, subject to a hearing to be held by this Court, if necessary.

    c.    If any term of the Complete Bar Order entered by this Court is held to be unenforceable after the date of entry, such provision shall be substituted with such other provision as may be necessary to afford all of the Released Parties

the fullest protection permitted by law from any Claim that is based upon, arises out of, or relates to any Released Claim or the advertising, marketing, packaging, promotion, sale and distribution of Akavar.  Notwithstanding the Complete Bar Order or anything else in the Settlement Agreement, nothing shall release, interfere with, limit, or bar the assertion by any Released Party of any claim for insurance coverage under any insurance, reinsurance, or indemnity policy that provides coverage respecting the conduct at issue in the Litigation.  Without affecting the finality of this Order or the Judgment, this Court reserves continuing and exclusive jurisdiction over the implementation, administration, and enforcement of this Order, the Judgment and the Settlement Agreement, and all matters ancillary thereto.

19. Finding that no reason exists for delay in ordering Judgment pursuant to Federal Rules of Civil Procedure, Rule 54(b), the clerk is hereby directed to enter the Judgment forthwith.

20. The Parties are hereby authorized, without needing further approval from this Court, to agree to and adopt such modifications and expansions of the Settlement Agreement that are consistent with this Order and the Judgment and do not limit the rights of Class Members under the Settlement Agreement.

21. All other relief not expressly granted to the Class Members is denied.
IT IS SO ORDERED.

DATED: July 28, 2015

                                              HONORABLE TED STEWART
                                              UNITED STATES DISTRICT COURT JUDGE

13